Thomas M. Klein (State Bar No. 010954)
Abram N. Bowman (State Bar No. 023112)
**BOWMAN AND BROOKE LLP**
Suite 1600 Phoenix Plaza
2901 North Central Avenue
Phoenix, Arizona  85012
(602) 643-2300
(602) 248-0947 - Fax
thomas.klien@phx.bowmanandbrooke.com
abram.bowman@phx.bowmanandbrooke.com

Attorneys Attorneys for Motors Liquidation Company GUC Trust
(f/k/a General Motors Corporation)

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| JIN AH LEE, decedent, by her estate representative, JUNGIL LEE, SANG CHUL LEE, decedent's father, and DUKSON LEE, decedent's mother,<br><br>Plaintiffs,<br><br>v.<br><br>ANC CAR RENTAL CORP., GENERAL MOTORS CORP., and HONG-JUN JEON,<br><br>Defendants. | No.<br><br><br><br><br><br><br>**NOTICE OF REMOVAL**<br><br><br><br>(Jury Trial Demanded) |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1452(a) and 1334(b), Motors Liquidation Company GUC Trust (f/k/a General Motors Corporation) (the "GUC Trust") hereby removes to this Court the proceeding styled "*Jin Ah Lee, decedent by her estate representative, Jungil Lee, Sang Chul Lee, decedent's father, and Dukson Lee, decedent's mother, Plaintiff v. ANC Car Rental Corporation, General Motors Corporation, and Hong-Jun Jeon, Defendants,*" from the Superior Court of Arizona in and for Coconino County (the "Arizona State Court"), under that court's docket number CV-20050307 (the "Action").[1]  As grounds for removal, the GUC Trust respectfully states as follows:

---

[1] The GUC Trust specifically preserves and does not waive any and all applicable defenses, including, without limitation, any defenses contained in Rule 12 of the Federal Rules of Civil Procedure.

**INTRODUCTION**

<u>The Complaint</u>. The Action began in the Arizona State Court when Plaintiffs Jungil Lee,[2] Sang Chul Lee and Dukson Lee filed a Complaint on May 18, 2005 (the "<u>Complaint</u>," attached hereto and incorporated herein as Exhibit A),[3] asserting claims against General Motors Corporation ("<u>GM</u>") and several other defendants.[4] (*See* Compl. (Ex. A).)

**MLC'S BANKRUPTCY PROCEEDING AND THE BANKRUPTCY CLAIMS**

On June 1, 2009 (the "<u>Commencement Date</u>"), GM and certain of its subsidiaries (collectively the "<u>Debtors</u>") commenced voluntary cases (the "<u>Bankruptcy Proceedings</u>") under chapter 11 of title 11 of the United States Code (the "<u>Bankruptcy Code</u>") before the United States Bankruptcy Court for the Southern District of New York (the "<u>Bankruptcy Court</u>"). Pursuant to section 362 of the Bankruptcy Code, the automatic stay went into effect on the Commencement Date barring, *inter alia*, the commencement or continuation of any judicial action or proceeding against the Debtors that could have been commenced prior to the Commencement Date (the "<u>Automatic Stay</u>"). Shortly after the filing, GM filed a motion to sell substantially all its assets and transfer certain liabilities to Vehicle Acquisition Holdings, LLC, which has now changed its name to General Motors Company ("<u>New GM</u>"). On July 5, 2009, the Bankruptcy Court issued an order approving the asset-sale motion ("<u>Sale Order</u>"). As a result of the Sale Order and the consummation of the sale shortly thereafter, the company previously known as GM changed its name to Motors Liquidation Company ("<u>MLC</u>").

On September 16, 2009, the Bankruptcy Court entered the Order Pursuant to Section 502(b)(9) of the Bankruptcy Code and Rule 3003(c)(3) of the Federal Rules of Bankruptcy Procedure Establishing the Deadline for Filing Proofs of Claim (Including Claims Under Bankruptcy Code

---

[2] Although the Complaint filed in the Arizona State Court Action alleges claims on behalf of the estate of Jin Ah Lee by estate representative Jungil Lee, the claims of decedent's estate were dismissed by Order of the Arizona State Court dated January 25, 2008.

[3] Pursuant to 28 U.S.C. § 1446, attached at Exhibit A is a copy of all process, pleadings, and orders served upon MLC in the Arizona State Court, along with an index that identifies each document and the date such document was filed with the Arizona State Court.

[4] Prior to the Arizona State Court Action, Plaintiffs filed duplicative actions in the United States District Court for the District of Arizona and in the Superior Court of New Jersey. The Arizona State Court Action was stayed pending resolution of previously filed duplicative cases in federal court and New Jersey state court. The duplicative federal and New Jersey state court actions were both eventually dismissed for lack of jurisdiction.

Section 503(b)(9) and Procedures Relating Thereto and Approving the Form and Manner of Notice Thereof establishing November 30, 2009 at 5:00 p.m. (Eastern) as the deadline to file proofs of claim against MLC based on prepetition claims.

Following the deadline to file proofs of claim against MLC, Plaintiffs filed a motion to lift stay and motion to file a late proof of claim. On February 22, 2010, Plaintiffs filed proof of claim number 70062 relating to the Action. On February 23, 2010, the Bankruptcy Court entered the Order Pursuant to 11 U.S.C. § 105(a) and General Order M-390 (the "ADR Order") Authorizing Implication of Alternative Dispute Procedures, Including Mandatory Mediation (the "ADR Procedures").

Plaintiffs' lift stay motion was denied on April 20, 2010. Plaintiffs agreed not to appeal the denial of their lift stay motion and MLC agreed to designate Plaintiffs' claim for Alternative Dispute Resolution. Ultimately, Plaintiffs filed a proof of claim against MLC based on the Action for $20 million[5] (collectively, the "Bankruptcy Claims").

The Bankruptcy Claims were subsequently scheduled for mediation pursuant to the ADR Order and the ADR Procedures. Mediation of the Bankruptcy Claims occurred on October 7, 2010, but it was unsuccessful.

On March 28, 2011, the Bankruptcy Court entered its Findings of Fact, Conclusions of Law, and Order Pursuant to Sections 1129(a) and (b) of the Bankruptcy Code and Rule 3020 of the Federal Rules of Bankruptcy Procedure Confirming Debtors' Second Amended Joint Chapter 11 Plan (the "Confirmation Order"), which, among other things, (i) confirmed the Debtors' Second Amended Joint Chapter 11 Plan, (ii) established the GUC Trust pursuant to that certain Motors Liquidation Company GUC Trust Agreement, (iii) transferred certain claims pending against MLC to the GUC Trust, (iv) authorized the GUC Trust to resolve such claims on behalf of the Debtors' estates, and (v) enjoined all persons from commencing or continuing in any manner on account of or respecting any claim, debt, right, or cause of action for which the Debtors, the GUC Trust

---

[5] The original proof of claim in the sum of $40 million was reduced to $20 million as part of negotiated stipulation between the Debtors and Plaintiffs to cap claim, designate claim for mediation, dismiss appeals and withdraw the late claim motion.

1   Administrator, or the Avoidance Action Trust Administrator retains sole and exclusive authority to
2   pursue in accordance with the Plan (the "Plan Injunction").
3          The Bankruptcy Claims were among the claims transferred to the GUC Trust.  Accordingly,
4   the GUC Trust is the successor to GM in the Action.
5          On August 2, 2011, the Bankruptcy Court entered the Stipulation and Agreed Order Between
6   the GUC Trust and Sang Chul Lee, and Dukson Lee Providing for Limited Modification of the
7   Automatic Stay and Plan Injunction (the "Stipulation and Agreed Order"), which modified the
8   Automatic Stay and the Plan Injunction solely to the extent necessary to enable the Action to proceed
9   to final judgment or settlement, subject to the GUC Trust's right to seek removal or transfer of venue
10  or in such other forum.  (*See generally* Stipulation & Agreed Order, attached hereto and incorporated
11  herein as Exhibit B.)

## BASES FOR REMOVAL

13     Subject Matter Jurisdiction.  This Court has federal jurisdiction pursuant to 28 U.S.C. §
14  1334(b) because the Action is related to the Debtors' bankruptcy proceedings.  Under 28 U.S.C. §
15  1334(b), any state court case may be removed to federal court if it is "related to" a bankruptcy.  28
16  U.S.C. § 1334(b).  Courts read this jurisdictional grant broadly, stating that the test for whether a
17  proceeding properly invokes federal "related to" jurisdiction is whether the outcome of the
18  proceeding could ***conceivably affect*** the estate being administered in bankruptcy.  *See Hampton-*
19  *Stein v. Katz*, No. 09-80798-CIV, 2009 WL 1916621, at *2 (S.D. Fla. July 5, 2009) (holding
20  proceeding falls within "related to" because "the outcome of proceeding could conceivably have an
21  effect on the estate being administered in bankruptcy"); *In re Cuyahoga Equip. Corp.*, 980 F.2d 110,
22  114 (2d Cir. 1992) (holding proceeding falls within "related to" jurisdiction if proceeding has any
23  "conceivable effect" on the bankruptcy estate); *In re TXNB Internal Case*, 483 F.3d 292, 298 (5th
24  Cir. 2007) (holding removal was proper because lawsuit was likely to affect administration of
25  debtors' estates and might alter debtors' rights and liabilities).  In conducting this analysis, courts
26  stress that "[c]ertainty is unnecessary; an action is 'related to' bankruptcy if the outcome ***could alter***,
27  positively or negatively, the debtor's rights, liabilities, options, or freedom of action or could
28

influence the administration of the bankrupt estate." *See In re TXNB Internal Case*, 483 F.3d at 298 (emphasis added).

Here, the GUC Trust is currently administering claims against the Debtors' bankruptcy estate, including the Bankruptcy Claims. The Bankruptcy Claims seek unliquidated damages against the GUC Trust for, *inter alia*, wrongful death, pain and suffering, and survival claims. Therefore, the outcome of the instant litigation will certainly have a "conceivable effect" on the Debtors' bankruptcy estates, and the jurisdictional requirements of 28 U.S.C. § 1334(b) are satisfied.

<u>Removal Is Timely</u>. The Confirmation Order provides that the Debtors and the GUC Trust may remove civil actions and proceedings in state and federal courts to which the Debtors are parties until one year after the date of entry of the Confirmation Order. (*See* Confirmation Order ¶ 59.) The Confirmation Order was entered on March 28, 2011. Therefore, MLC's removal is timely. *See id.*; *see also* Fed. R. Bankr. P. 9027(a)(2).

<u>Venue</u>. Pursuant to 28 U.S.C. § 1452(a), this case may be removed to the United States District Court for the District of Arizona.

<u>Non-Core Proceeding</u>. The Action is a non-core matter under the Bankruptcy Code. *See* 28 U.S.C. § 157(b)(5). Further, since the Action is a wrongful death and personal injury tort case, this matter must be referred to a district court.[6] Accordingly, the GUC Trust does not consent to entry of final orders or judgment by a bankruptcy judge. *See* Bankr. R. 9027(a)(1).

<u>Process and Papers</u>. In accordance with 28 U.S.C. § 1446, copies of all process and papers served on the GUC Trust (f/k/a GM) that were filed in the Arizona State Court are attached to this Notice of Removal and incorporated herein as "Exhibit A."

<u>Removal is Proper</u>. Since removal is procedurally proper pursuant to 28 U.S.C. § 1452(a) and the Court may properly exercise federal jurisdiction over this Action pursuant to 28 U.S.C. § 1334(b), this removal is proper.

## CONCLUSION AND REQUESTED RELIEF

For the reasons described above, the Action is properly removable under 28 U.S.C. §§ 1452(a) and 1334(b). Accordingly, the GUC Trust respectfully requests that this Court proceed with

---

[6] *See* 28 U.S.C. § 157(b)(5).

this matter as if it had been originally filed herein.  The GUC Trust further requests any such other relief to which it may be justly entitled.

DATED this 1st day of September, 2011.

BOWMAN AND BROOKE LLP


By: /s/ Abram N. Bowman
Thomas M. Klein
Abram N. Bowman
Attorneys for Motors Liquidation Company GUC Trust (f/k/a General Motors Corporation)

### CERTIFICATE OF SERVICE

I hereby certify that on the 1st day of September, 2011, I caused the attached NOTICE OF REMOVAL to be electronically transmitted to the Clerk's Office using the CM/ECF System for filing, and that a copy was sent via first-class mail to the following:

Michael S. Kimm, Esq.
Kim Sparano, Esq.
KIMM LAW FIRM
41 Bancker Street
Englewood, New Jersey  07631
Attorney for Plaintiffs

John Trebon, Esq.
308 North Agassiz
Flagstaff, Arizona  86001
Attorneys for Plaintiffs

G. Peter Spiess, Esq.
James O. Bell, Esq.
SPIESS & ASSOCIATES, P.C.
420 West Roosevelt Street
Phoenix, Arizona  85003
Attorneys for Defendant Hong-Jun Jeon

Timothy M. Medcoff, Esq.
FARHANG & MEDCOFF, PLLC
4801 E. Broadway, Suite 311
Tucson, Arizona  85711
Attorneys for Defendant ANC Rental Corp.

/s/ Joan Paskas