**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jin Ah Lee, decedent, by her estate representative, Jungil Lee, Sang Chul Lee, decedent's father, and Dukson Lee, decedent's mother,<br><br>Plaintiffs,<br><br>vs.<br><br>ANC Car Rental Corp., General Motors Corp., and Hong-Jun Jeon,<br><br>Defendants. | No. CV11-8135-PCT-DGC<br><br>**ORDER** |

Defendant Jeon moves to sever Plaintiffs' claims against him and remand to state court. Doc. 12. Defendants Motors Liquidation Company GUC Trust ("GUC Trust"), as successor to General Motors Corporation ("GM"), opposes Jeon's motion to sever and remand. Doc. 15. Defendant Alamo Rent A Car, LLC ("ANC") joins GUC Trust's opposition. Doc. 16.

Plaintiffs oppose Jeon's motion to sever and have filed a cross-motion to remand to state court without severance. Doc. 18. GUC Trust opposes the cross-motion to remand. Doc. 21. ANC joins GUC Trust's opposition. Doc. 22.

Jeon's motion to sever and remand has been fully briefed. Docs. 12, 15, 20. No reply has been filed to Plaintiffs' cross-motion to remand without severance. Docs. 18, 21, 26. Defendant Jeon's request for oral argument (Doc. 14) is denied, as the issues have been sufficiently briefed and oral argument will not aid in the Court's decision. For

the reasons that follow, the Court will grant in part Jeon's motion, grant in part Plaintiff's motion, and remand the case to state court.

**I.      Background.**

In August 2003, Plaintiffs filed a personal injury and wrongful death action against GM and other defendants in the District of Arizona based on federal diversity jurisdiction.  Doc. 1, at 2.  On October 18, 2004, Judge Teilborg dismissed the case for lack of complete diversity.  *Id.* at 2, n.4.  In May 2005, Plaintiffs filed the instant action in the Arizona Superior Court based on the same underlying facts and claims asserted in the District Court action.  Civil Cause No. CV2005-0307.

In 2009, GM filed for Chapter 11 reorganization in the United States Bankruptcy Court in the Southern District of New York.   Case No. 09-50026 (REG).    On February 22, 2010, Plaintiffs filed proof of claim number 70062 (the "Lee Bankruptcy Claim") relating to this action.  Doc. 1, at 3.  Pursuant to the Stipulation and Agreed Order between GM and Plaintiffs (the "May 2010 Stipulation"), Plaintiffs agreed to cap the Lee Bankruptcy Claim at $20,000,000.  Docs. 1, at 3, n.5,  15, at 4.  On March 28, 2011, the Bankruptcy Court confirmed GM's Second Amended Joint Chapter 11 Plan and established GUC Trust.  Doc. 15, at 4.  The Lee Bankruptcy Claim was among the claims transferred to GUC Trust.  *Id.*  GUC Trust is the successor to GM in this action.

On August 2, 2011, after Plaintiffs and GUC Trust were unable to resolve the Lee Bankruptcy Claim through mandatory mediation, the Bankruptcy Court entered the Stipulation and Agreed Order between GUC Trust, Sang Chul Lee, and Dukson Lee Providing for Limited Modification of the Automatic Stay and Plan Injunction (the "Stipulation and Agreed Order") to enable this case to proceed to final judgment or settlement, subject to GUC Trust's right to seek removal or transfer of venue.  Docs. 15-1, at 4.   On September 1, 2011, GUC Trust filed a Notice of Removal (Doc. 1) pursuant to 28 U.S.C. § 1452(a), asserting that this Court has jurisdiction under § 1334(b).

**II.      Removal and Remand Principles.**

A civil case brought in state court over which a federal district court has original

jurisdiction may be removed to the federal court in the district where the action is pending, pursuant to 28 U.S.C. § 1441(a).  The statute is to be strictly construed against removal jurisdiction.  *See Syngenta Crop Protection, Inc. v. Henson*, 537 U.S. 28, 32 (2002).  The "strong presumption" against removal "means that the defendant always has the burden of establishing that removal is proper." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).  Federal jurisdiction must be rejected, and the case remanded to state court, "if there is any doubt as to the right of removal in the first instance." *Id.*; *see* 28 U.S.C. § 1447(c).  The burden of showing jurisdiction falls on the party asserting jurisdiction. *Indus. Techtonics, Inc. v. Aero Alloy*, 912 F.2d 1090, 1092 (9th Cir. 1990).

### III.    "Related To" Bankruptcy Jurisdiction.

Federal courts have original jurisdiction over cases "related to" bankruptcy proceedings.  28 U.S.C. § 1334(b).  The Ninth Circuit has adopted the Third Circuit's test in *Pacor* for determining the scope of "related to" jurisdiction. *In re Pegasus Gold Corp.*, 394 F.3d 1189, 1193 (9th Cir. 2005) (citing *In re Fietz*, 852 F.2d 455, 457 (9th Cir. 1988)).  Under the *Pacor* test, federal courts have "related to" jurisdiction over any proceeding where "the outcome could conceivably have any effect on the estate being administered in bankruptcy." *Id.* (citing *Pacor, Inc. v. Higgins*, 743 F.2d 984, 994 (3rd Cir. 1984)).

The Ninth Circuit has stated, however, that bankruptcy jurisdiction after a reorganization plan has been approved (i.e., post-confirmation jurisdiction) is necessarily more limited than pre-confirmation jurisdiction, and has adopted the Third Circuit's "close nexus" test for determining whether post-confirmation "related to" jurisdiction exists. *Pegasus*, 394 F.3d at 1194.  The Third Circuit concluded that "matters affecting the 'interpretation, implementation, consummation, execution, or administration of the confirmed plan will typically have the requisite close nexus.'" *Id.* (quoting *In re Resorts Int'l, Inc.*, 372 F.3d 154, 167 (3rd Cir. 2004)).

In its September 1, 2011 Notice of Removal, GUC Trust asserts that this Court has jurisdiction pursuant to 28 U.S.C. § 1334(b) because the action is "related to" GM's

bankruptcy proceedings.  Doc. 1, at 4.  The Lee Bankruptcy Claim seeks unliquidated damages against GUC Trust for, *inter alia*, wrongful death, pain and suffering, and survival claims.  Doc. 1, at 5.  GUC Trust claims that the jurisdictional requirements of § 1334(b) are satisfied because the outcome of the instant litigation will certainly have a "conceivable effect" on GM's bankruptcy estates.  *Id.*  (citing *Kaonohi Ohana, Ltd. V. Sutherland*, 873 F.2d 1302, 1306 (9th Cir. 1989)).  The "conceivable effect" standard that GUC Trust quotes, articulated in *Pacor*, applies in the pre-confirmation context.  A bankruptcy plan has been confirmed here, rendering this a post-confirmation action.  *See* Doc. 15, at 4.[1]  The Court will apply the "close nexus" test adopted by the Ninth Circuit to determine whether post-confirmation "related to" bankruptcy jurisdiction exists.

GUC Trust did not address the post-confirmation issue in its Notice of Removal (Doc. 1), but now quotes the standard in its opposition to Jeon's motion to sever and remand, noting that "related to" jurisdiction extends to matters that affect "the interpretation, implementation, consummation, execution, or administration of the confirmed plan."  Doc. 15, at 5-6 (citation omitted).  But GUC Trust makes no factual argument to demonstrate that the pending litigation meets this standard.  Instead, it merely claims that the litigation "will determine the GUC Trust's liability and the amount of damages, if any, owed to Plaintiffs" and concludes that "[u]ndoubtedly, the outcome of the instant litigation could have a significant impact on [GM's] bankruptcy estate and the

---

[1]  GUC Trust acknowledges that the Bankruptcy Court has confirmed GM's Second Amended Joint Chapter 11 Plan as of March 28, 2011. Doc. 15, at 4. It attempts to distinguish between lawsuits filed before confirmation from "lawsuits filed after confirmation (which is not the case here)." Doc. 15, at 5. *Cf. In re Resorts Intern., Inc.*, 372 F.3d 154, 159 (3rd Cir. 2004) ("[A]lmost seven years *after* Reorganization Plan confirmation, the Trustee filed the underlying professional malpractice action . . . .") (emphasis added).  The Court concludes, however, that the concerns giving rise to the narrower "close nexus" test exist as long as confirmation has occurred and a reorganization plan is in place, regardless of when the lawsuit was filed.  *See In re Resorts Intern., Inc.*, 372 F.3d at 165 ("After confirmation of a reorganization plan, retention of bankruptcy jurisdiction may be problematic.  This is so because, under traditional *Pacor* analysis, bankruptcy jurisdiction will not extend to a dispute between non-debtors unless the dispute creates 'the logical possibility that the estate will be affected.'  At the most literal level, it is impossible for the bankrupt debtor's estate to be affected by a post-confirmation dispute because the debtor's estate ceases to exist once confirmation has occurred.") (citations omitted).

administration, implementation, execution, and consummation of the Plan, thus satisfying the jurisdictional requirements of 28 U.S.C. § 1334(b)."  Doc. 15, at 6.  It is not enough for GUC Trust to base its jurisdictional claim on the notion that the pending litigation will affect the damages paid out of GM's bankruptcy estate and that this could reduce distributions to other creditors.  *See, e.g.*, Doc. 15, at 4, n.1.  The Ninth Circuit has rejected this line of reasoning as overbroad.  *Pegasus*, 394 F.3d at 1194, n.1 ("[W]e are not persuaded by the Appellee's argument that jurisdiction lies because the action could conceivably increase the recovery to the creditors. As the other circuits have noted, such a rationale could endlessly stretch a bankruptcy court's jurisdiction." (citation omitted)).

The Court also notes that the Bankrupty Court initially "enjoined all persons from commencing or continuing in any manner on account of or respecting any claim, debt, right, or cause of action for which [GM], the GUC Trust Administrator, or the Avoidance Action Trust Administrator retains sole and exclusive authority to pursue in accordance with the Plan."   Doc. 1, at 3-4.   The Bankruptcy Court later modified GM's reorganization plan "to the extent necessary to enable [the pending litigation] to proceed to final judgment or settlement . . . ."  Doc. 1, at 4.  This modification indicates that the Bankruptcy Court accounted for the pending litigation in connection with GM's reorganization plan, making it unlikely that resolution of this action will affect "the interpretation, implementation, consummation, execution, or administration of the confirmed plan" to an extent that meets the "close nexus" standard.

In sum, GUC Trust's assertions fall short of convincing the Court that the pending litigation has the requisite "close nexus" to the bankruptcy proceedings.  GUC Trust has therefore not overcome the strong presumption against removal.  In light of this ruling, the Court need not address whether the case should be remanded on mandatory abstention grounds under 28 U.S.C. § 1334(c)(2), permissive abstention grounds under 28 U.S.C. § 1334(c)(1), or equitable grounds under 28 U.S.C. § 1452(b).  Doc. 12.  The Court will deny Jeon's motion to sever without prejudice.

**IT IS ORDERED:**

1.    The Clerk shall remand this action to Coconino County Superior Court.

2.    Defendant Jeon's motion to remand (Doc. 12) and Plaintiffs' cross-motion to remand (Doc. 18) are **granted**.

3.    Defendant Jeon's motion to sever (Doc. 12) is **denied** without prejudice.

Dated this 17th day of November, 2011.

_____
David G. Campbell
United States District Judge